**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD LEVERETT, Derivatively on Behalf of Nominal Defendant INTEGRA LIFESCIENCES HOLDINGS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CARRIE L. ANDERSON, PETER J. ARDUINI, GLENN G. COLEMAN, ROBERT T. DAVIS, JR., JAN D. DE WITTE, LEA KNIGHT, STEVE LEONARD, JEFFREY A. MOSEBROOK, STUART M. ESSIG, KEITH BRADLEY, SHAUNDRA D. CLAY, BARBARA B. HILL, JEFFREY A. GRAVES, RENEE W. LO, RAYMOND G. MURPHY, CHRISTIAN S. SCHADE, LLYOD W. HOWELL, JR., RHONDA GERMANY BALLINTYN, and DONALD E. MOREL, JR.,<br><br>Defendants,<br><br>and<br><br>INTEGRA LIFESCIENCES HOLDINGS CORPORATION,<br><br>Nominal Defendant. | Case No.: 3:25-cv-04214-MAS-TJB |

[*Additional caption on following page*]

| | |
|---|---|
| JEREMY SIMPKINS, derivatively on behalf of INTEGRA LIFESCIENCES HOLDINGS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CARRIE L. ANDERSON, PETER J. ARDUINI, GLENN G. COLEMAN, ROBERT T. DAVIS, JR., JAN D. DE WITTE, LEA KNIGHT, STEVE LEONARD, JEFFREY A. MOSEBROOK, RHONDA GERMANY BALLINTYN, KEITH BRADLEY, SHAUNDRA D. CLAY, STUART M. ESSIG, JEFFREY A. GRAVES, BARBARA B. HILL, LLOYD W. HOWELL, JR., RENEE W. LO, DONALD E. MOREL, JR., RAYMOND G. MURPHY, and CHRISTIAN S. SCHADE,<br><br>Defendants,<br><br>and<br><br>INTEGRA LIFESCIENCES HOLDINGS CORPORATION,<br><br>Nominal Defendant. | Case No.: 3:25-cv-04449-MAS-TJB |

**STIPULATION AND ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS**

WHEREAS, on May 13, 2025, plaintiff Edward Leverett ("Plaintiff Leverett") filed a shareholder derivative action on behalf of nominal defendant Integra LifeSciences Holdings Corporation ("Integra" or the "Company") in this Court alleging causes of action for violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and waste of corporate assets against defendants Carrie L. Anderson ("Anderson"), Peter J. Arduini ("Arduini"), Glenn G.

Coleman ("Coleman"), Robert T. Davis, Jr. ("Davis"), Jan D. De Witte ("De Witte"), Lea Knight ("Knight"), Steve Leonard ("Leonard"), Jeffrey A. Mosebrook ("Mosebrook"), Stuart M. Essig, Keith Bradley, Shaundra D. Clay, Barbara B. Hill, Jeffrey A. Graves, Renee W. Lo, Raymond G. Murphy, Christian S. Schade, Lloyd W. Howell, Jr., Rhonda Germany Ballintyn, and Donald E. Morel, Jr. (collectively, the "Individual Defendants," and together with the Company, "Defendants") captioned *Leverett v. Anderson et al.*, Case No. 3:25-cv-04214-MAS-TJB (the "*Leverett* Action");

WHEREAS, on May 16, 2025, plaintiff Jeremy Simpkins ("Plaintiff Simpkins," and together with Plaintiff Leverett, "Plaintiffs")[1] filed a shareholder derivative action on behalf of nominal defendant Integra in this Court alleging causes of action for violations of Section 14(a) of the Exchange Act, breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for contribution under Sections 10(b) and 21D of the Exchange Act against Anderson, Arduini, Coleman, Davis, De Witte, Knight, Leonard, and Mosebrook captioned *Simpkins v. Anderson et al.*, Case No. 3:25-cv-04449-MAS-TJB (the "*Simpkins* Action" and together with the *Leverett* Action, the "Related Derivative Actions");

WHEREAS, on May 19, 2025, Defendants in the *Leverett* Action waived service of summons (*Leverett* Action, ECF No. 3);

WHEREAS, on May 19, 2025, Plaintiff in the *Simpkins* Action served Integra (*Simpkins* Action, ECF No. 4);

---

[1] Plaintiffs and Defendants, taken together, are referred to herein as the "Parties."

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, the Parties further agree that it would be duplicative and wasteful of the Court's and the Parties' resources for Defendants to have to respond to the individual complaints prior to the agreed-upon consolidation;

WHEREAS, the Parties therefore respectfully submit that the Related Derivative Actions should be consolidated for all purposes into a single consolidated action (herein referred to as the "Consolidated Action") pursuant to Federal Rule of Civil Procedure 42(a);

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that Rigrodsky Law, P.A., the resume of which is attached hereto as Exhibit A, and The Brown Law Firm, P.C., the resume of which is attached hereto as Exhibit B, shall be designated as Co-Lead Counsel for Plaintiffs in the Consolidated Action; and

WHEREAS, Defendants take no position regarding the appointment of Co-Lead Counsel for Plaintiffs in the Consolidated Action;

IT IS HEREBY STIPULATED AND AGREED among the Parties, and respectfully submitted for the Court's approval, to consolidate the Related Derivative Actions and appoint Co-Lead Counsel for Plaintiffs in the Consolidated Action pursuant to the following terms:

1. To the extent they have not already been served, the Defendants accept service of the complaints in the Related Derivative Actions.

2. Within sixty (60) days of the date that the Court enters an order approving this Stipulation, the Parties will meet and confer and submit a proposed scheduling order to the Court.

Defendants are not required to respond to the complaints in the Related Derivative Actions until the date set by the Court in ruling on the proposed schedule.

3. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 3:25-cv-04214-MAS-TJB, and Case No.: 3:25-cv-04449-MAS-TJB is hereby closed:

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Leverett v. Anderson et al.* | 3:25-cv-04214-MAS-TJB | May 13, 2025 |
| *Simpkins v. Anderson et al.* | 3:25-cv-04449-MAS-TJB | May 16, 2025 |

4. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE INTEGRA LIFESCIENCES HOLDINGS CORPORATION DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:25-cv-04214-MAS-TJB |

5. All papers filed in connection with the Consolidated Action will be maintained in one file under Case No. 3:25-cv-04214-MAS-TJB.

6. Co-Lead Counsel for plaintiffs in the Consolidated Action shall be:

**RIGRODSKY LAW, P.A**
Gina M. Serra
Seth D. Rigrodsky
Vincent A. Licata
Leah B. Wihtelin

825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com
sdr@rl-legal.com
vl@rl-legal.com
lw@rl-legal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Elizabeth J. Donohoe
Zachary M. Benson
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net
edonohoe@thebrownlawfirm.net
zbenson@thebrownlawfirm.net

7. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

8. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

9. Counsel for all of the Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

10. This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as the Consolidated Action, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative

action that properly belongs as part of *In re Integra LifeSciences Holdings Corporation Derivative Litigation*, Case No. 3:25-cv-04214-MAS-TJB, is hereafter filed in the Court, removed to this Court, reassigned to the Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Integra LifeSciences Holdings Corporation Derivative Litigation*, Case No. 3:25-cv-04214-MAS-TJB, and counsel for the Parties are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions involving Integra filed in this Court, and such shareholder derivative actions shall be consolidated into the Consolidated Action.

11. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action.

12. This Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.

13. Pursuant to Fed. R. Civ. P. 5(b)(2)(E)-(F), service by e-mail transmission shall be permitted in addition to service via ECF notification.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: May 28, 2025

**RIGRODSKY LAW, P.A**

*/s/ Gina M. Serra*
Gina M. Serra
Seth D. Rigrodsky
Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com
sdr@rl-legal.com
vl@rl-legal.com
lw@rl-legal.com

*Counsel for Plaintiff Leverett and [Proposed] Co-Lead Counsel for Plaintiffs*

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Of Counsel for Plaintiff Leverett*

**THE BROWN LAW FIRM, P.C.**

*/s/ Elizabeth J. Donohoe*
Elizabeth J. Donohoe
Zachary M. Benson
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: edonohoe@thebrownlawfirm.net
zbenson@thebrownlawfirm.net
tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Simpkins and [Proposed] Co-Lead Counsel for Plaintiffs*

**REED SMITH LLP**

*/s/ John McDonald*
John McDonald
Melissa M. Ferrara
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
Email: jmcdonald@reedsmith.com
mferrara@reedsmith.com

**WILSON SONSINI GOODRICH & ROSATI**
Gregory L. Watts (*pro hac vice* forthcoming)

95 South State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
Email: gwatts@wsgr.com

John I. Karin (*pro hac vice* forthcoming)
Alexander Luhring (*pro hac vice* forthcoming)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com
aluhring@wsgr.com

*Attorneys for Defendants*

* * *

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: June 5, 2025

[signature]
The Hon. Michael A. Shipp
United States District Judge