**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE INTEGRA LIFESCIENCES HOLDINGS CORPORATION DERIVATIVE LITIGATION<br><br>This Document Relates to: All Actions | Case No. 3:25-cv-04214-MAS-TJB |

**STIPULATION AND ORDER TO STAY ACTION**

WHEREAS, on May 13, 2025, plaintiff Edward Leverett filed a shareholder derivative action on behalf of nominal defendant Integra LifeSciences Holdings Corporation ("Integra" or the "Company") in this Court against defendants Carrie L. Anderson, Peter J. Arduini, Glenn G. Coleman, Robert T. Davis, Jr., Jan De Witte, Lea Knight, Steve Leonard, Jeffrey A. Mosebrook, Stuart M. Essig, Keith Bradley, Shaundra D. Clay, Barbara B. Hill, Jeffrey A. Graves, Renee W. Lo, Raymond G. Murphy, Christian S. Schade, Lloyd W. Howell, Jr., Rhonda Germany Ballintyn, and Donald E. Morel, Jr. (collectively, the "Individual Defendants," and together with the Company, "Defendants") captioned *Leverett v. Anderson et al.*, Case No. 3:25-cv-04214-MAS-TJB (the "*Leverett* Action");

WHEREAS, on May 16, 2025, plaintiff Jeremy Simpkins (together with Mr. Leverett, the "Plaintiffs" and collectively with Defendants, the "Parties") filed a related shareholder derivative action on behalf of nominal defendant Integra in this Court against the Individual Defendants captioned *Simpkins v. Anderson et al.*, Case No. 3:25-cv-04449-MAS-TJB (the "*Simpkins* Action");

WHEREAS, on June 5, 2025, this Court entered an order consolidating the *Leverett* Action and the *Simpkins* Action (together, the "Consolidated Derivative Action") for all purposes, including pre-trial proceedings and trial, under Case No. 3:25-cv-04214-MAS-TJB, and the

consolidation order provides that the Parties will submit a proposed scheduling order to the Court within sixty (60) days after entry of the consolidation order (ECF No. 9);

WHEREAS, on September 12, 2023, a putative securities class action was filed in this Court against Integra and certain current and former executives of Integra, currently captioned *In re Integra LifeSciences Holdings Corp. Sec. Litig.*, No. 3:23-cv-20321-MAS-TJB (D.N.J.) (the "Securities Class Action");

WHEREAS, on June 30, 2025, the court in the Securities Class Action granted defendants' motion to dismiss and ordered that plaintiff may file an amended complaint to correct the deficiencies identified in the court's Memorandum Opinion within forty-five days (Securities Class Action, ECF No. 84);

WHEREAS, the Parties agree that the Securities Class Action is based on factual allegations substantially similar to those in the Consolidated Derivative Action, all nine defendants in the Securities Class Action are Defendants in the Consolidated Derivative Action, the Consolidated Derivative Action alleges, *inter alia*, damages to the Integra arising from the Securities Class Action, and the proceedings in the Securities Class Action may help inform the manner in which the Consolidated Derivative Action proceeds;

WHEREAS, the Parties have met and conferred and agree that, in the interest of judicial efficiency, it would be beneficial to temporarily stay all proceedings in the Consolidated Derivative Action on the terms set forth below.

NOW, THEREFORE, all Parties, by and through their respective attorneys of record, hereby stipulate as follows, and respectfully jointly ask the Court for an order approving the same:

1. If the plaintiff in the Securities Class Action amends their complaint, the proceedings in the Consolidated Derivative Action shall be stayed pending the ruling on the

anticipated subsequent motion to dismiss filed in the Securities Class Action, and the stay shall remain in effect until an order resolving that motion to dismiss. If the plaintiff in the Securities Class Action does not amend their complaint but appeals the order granting the motion to dismiss, the proceedings in the Consolidated Derivative Action shall be stayed pending the ruling on the appeal. If the plaintiff in the Securities Class Action does not amend their complaint and does not appeal the order granting the motion to dismiss, the proceedings in the Consolidated Derivative Action shall be stayed until the time for the plaintiff in the Securities Class Action to appeal or amend has run, whichever is longer.

2. During the pendency of the stay, Defendants shall not be required to move, or otherwise respond, to the current complaint(s) in the Consolidated Derivative Action.

3. During the pendency of the stay, Plaintiffs may file a consolidated amended complaint in the Consolidated Derivative Action, but Defendants are not required to move, or otherwise respond, to any amended complaint.

4. During the pendency of the stay, Defendants shall promptly notify Plaintiffs of any derivative actions which allege the same or substantially similar claims or arise out of the same or substantially similar facts to those alleged in this Consolidated Derivative Action ("Related Derivative Actions").

5. Defendants shall promptly notify Plaintiffs if a Related Derivative Action is not stayed for a similar or longer duration than the Consolidated Derivative Action.

6. Plaintiffs or Defendants may move to lift the stay in the Consolidated Derivative Action for good cause shown by giving at least thirty (30) days' written notice to the opposing Party.

7. During the pendency of the stay, if a related plenary derivative complaint is filed that references or quotes from documents produced by the Company in response to an inspection demand under Section 220, the Company will promptly thereafter produce a copy set of the Section 220 production to Plaintiffs, subject to a mutually agreed upon reasonable confidentiality agreement which permits Plaintiffs to use the documents in Plaintiffs' case.

8. During the pendency of the stay, if a private mediation is convened for the Securities Class Action, Defendants will invite Plaintiffs to participate in the mediation solely with respect to the resolution of their derivative claims. If a private mediation is convened for any Related Derivative Action, Defendants will invite Plaintiffs to participate in the mediation. If Integra produces documents to the plaintiffs in any Related Derivative Action in connection with a mediation, Integra agrees to provide them to Plaintiffs on the same terms, subject to counsel for Parties entering into a mutually agreed upon reasonable confidentiality agreement.

9. Upon lifting or termination of the stay, the Parties shall, within fourteen (14) days, meet and confer regarding appropriate next steps to be taken in the Consolidated Derivative Action and submit a proposed schedule with the Court.

10. Nothing in this stipulation shall be construed as a waiver of any Party's rights or positions in law or in equity, or as a waiver of any defenses or claims that any Party would otherwise have.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: July 16, 2025

**RIGRODSKY LAW, P.A**

/s/ *Gina M. Serra*
Gina M. Serra
Seth D. Rigrodsky
Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com
sdr@rl-legal.com
vl@rl-legal.com
lw@rl-legal.com

*Counsel for Plaintiff Leverett and Co-Lead Counsel for Plaintiffs*

**GRABAR LAW OFFICE**

Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Of Counsel for Plaintiff Leverett*

**THE BROWN LAW FIRM, P.C.**

DATED: July 16, 2025

/s/ *Elizabeth J. Donohoe*
Elizabeth J. Donohoe
Zachary M. Benson
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: edonohoe@thebrownlawfirm.net
zbenson@thebrownlawfirm.net
tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Simpkins and Co-Lead Counsel for Plaintiffs*

DATED: July 16, 2025

**REED SMITH LLP**


*/s John McDonald*
John McDonald
Melissa M. Ferrara
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
Email: jmcdonald@reedsmith.com
mferrara@reedsmith.com

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Gregory L. Watts (*pro hac vice*)
95 South State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
Email: gwatts@wsgr.com

John I. Karin (*pro hac vice*)
Alexander Luhring (*pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: jkarin@wsgr.com
aluhring@wsgr.com


*Attorneys for Defendants*

**So Ordered this 4th day of September 2025.**

[signature]

**Honorable Michael A. Shipp, U.S.D.J.**